**IN THE COURT OF APPEALS OF IOWA**

No. 15-2224
Filed November 23, 2016


**IN RE THE MARRIAGE OF MELANIE LEE DOYLE
AND DANIEL BRIEN DOYLE**

**Upon the Petition of
MELANIE LEE DOYLE,**
        Petitioner-Appellee,

**And Concerning
DANIEL BRIEN DOYLE,**
        Respondent-Appellant.
_____


        Appeal from the Iowa District Court for Linn County, Sean W. McPartland,

Judge.


        Daniel Doyle appeals the physical-care and child-support provisions of the

decree dissolving his marriage to Melanie Doyle.  **AFFIRMED.**


        Kodi A. Brotherson of Becker & Brotherson Law Offices, Sac City, for

appellant.

        Gary J. Shea of Gary J. Shea Law Offices, Cedar Rapids, for appellee.


        Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Daniel Doyle appeals the physical-care and child-support provisions of the district court's decree dissolving his marriage to Melanie Doyle. Daniel and Melanie were married in September 2002. They have two minor children.

On appeal, Daniel argues the district court should have awarded the parties shared physical care of their children. He also asserts, should we modify the award of physical care, the parties' child-support obligations should be recalculated consistent with a shared-care arrangement.

After a three-day trial, the court entered a decree dissolving the parties' marriage. The court awarded the parties joint legal custody of their children and granted Melanie physical care with extraordinary visitation to Daniel.[1] The court also ordered Daniel to pay Melanie $542.88 per month in child support.

The district court considered Daniel's request to award the parties joint physical care of their children and determined, under the unique circumstances of this case, that a joint physical-care arrangement was not in the children's best interests. Specifically, the court found "[t]he regular and substantial degree of conflict between the parties" and "[t]he extent of mutual distrust . . . disfavor[ed] a shared-care arrangement."

It is obvious on our review of the record that both parties are capable of parenting their children and love them very much. However, the district court found Melanie had been the children's primary caregiver throughout their lives and the children were happy and thriving in her care. We find no reason to

---

[1] "Extraordinary visitation" is defined as visitation that "exceeds 127 days per year." Iowa Ct. R. 9.9.

disagree with the district court's determination that physical care of the children with Melanie is in their best interests.

Upon our de novo review of the record, *see* Iowa R. App. P. 6.907, along with a careful study of the briefs and the district court's ruling,[2] we conclude the findings of fact and credibility determinations in the district court's lengthy and thorough ruling correctly address the physical-care and child-support issues Daniel raises. Giving deference to those credibility findings, *see* Iowa R. App. P. 6.904(3)(g), and having determined the district court correctly applied the governing legal and equitable principles, we approve of the reasons and conclusions of the opinion and conclude a full opinion of this court would not augment or clarify existing case law. Accordingly, we affirm by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(d) and (e). We decline to award either party appellate attorney fees.

**AFFIRMED.**

---

[2] Included in our review is our decision in a related appeal in which our court reversed the district court's order extending a final no-contact order between the parties. *See Doyle v. Doyle*, No. 13-0753, 2013 WL 6405474, at *1–3 (Iowa Ct. App. Dec. 5, 2013).